O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DERICK WARE, | Case No. CV 13-07249-DFM |
| Petitioner, | OPINION AND ORDER |
| v. | |
| RICK HILL, Warden, | |
| Respondent. | |

## I.

## BACKGROUND

On October 1, 2013, Petitioner Derick Ware ("Petitioner") filed in this Court a Petition for Writ of Habeas Corpus by a Person in State Custody. Dkt. 1 ("Petition"). On October 18, 2013, Petitioner filed a First Amended Petition. Dkt. 5 ("FAP"). On June 20, 2014, Respondent filed a motion to dismiss the FAP, arguing principally that the Petition and the FAP were not timely filed. Dkt. 38 ("Motion"). On July 3, 2014, Petitioner filed an opposition to the Respondent's Motion. Dkt. 41 ("Opposition").

The conviction and sentence Petitioner seeks to challenge arise out of Los Angeles County Superior Court. On December 20, 2011, Petitioner

1 pleaded guilty in that court to using a destructive device and explosive to injure
2 or destroy. FAP at 2; Respondent's Notice of Lodging, Lodged Document
3 ("LD") 1 at 6. Petitioner also admitted that he had suffered one prior "strike"
4 conviction under California's Three Strikes Law, and had served three prior
5 prison terms. Id. On January 10, 2012, Petitioner was sentenced to a term of
6 ten years in state prison. FAP at 2; LD 2 at 2-3. Petitioner did not file a direct
7 appeal. FAP at 2.

8      On March 1, 2012, Petitioner constructively filed a petition for writ of
9 habeas corpus in the Los Angeles County Superior Court. LD 4.[1] On March
10 26, 2012, the Superior Court denied the petition in a reasoned decision. LD 5.
11 On June 4, 2012, Petitioner constructively filed another habeas corpus petition
12 in the Los Angeles Superior Court, which was denied on June 13, 2012, as a
13 successive petition. LD 6, 7.

14      On July 9, 2012, Petitioner constructively filed a habeas petition in the
15 California Court of Appeal. LD 8. On August 16, 2012, the state appellate
16 court denied this petition in a reasoned opinion. LD 9. On September 10,
17 2012, Petitioner constructively filed a habeas petition in the California
18 Supreme Court. LD 10. On December 19, 2012, the state supreme court
19 summarily denied the petition. LD 11.
20 ///
21 ///

---

[1] Petitioner is entitled to the application of the prison "mailbox rule," pursuant to Houston v. Lack, 487 U.S. 266, 276 (1988). See also Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) ("When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed."). However, for the reasons discussed below, Petitioner is not entitled to application of the prison mailbox rule for his federal filings.

## II.
## DISCUSSION

**A.     The Petition Is Facially Untimely**

Because this action was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d)(1). See Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), overruled in part on other grounds by Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). 28 U.S.C. § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Ordinarily, the starting date of the limitations period is that provided by § 2244(d)(1)(A), that is, the date on which the judgment becomes final after the conclusion of direct review.[2] Petitioner did not appeal the operative judgment issued on January 10, 2012. See FAP at 2. The judgment becomes final within the meaning of § 2244(d)(1)(A) when the time for seeking appellate review expired. Gonzalez v. Thaler, --- U.S. ---, 132 S. Ct. 641, 653-54 (2012). Under state law, Petitioner had sixty days to appeal the judgment. See Cal. Rules Ct., Rule 8.308(a). Thus, Petitioner's judgment became final within the meaning of § 2244(d)(1)(A) upon the expiration of the sixty-day period, or on March 10, 2012. Therefore, the one-year limitations period began to run one day later on March 11, 2012, and expired on March 11, 2013.

Petitioner did not file his Petition until October 1, 2013, almost seven months too late. Therefore, absent some basis for the application of statutory or equitable tolling, the Petition is untimely.

**B.    Although Petitioner Is Entitled to a Period of Statutory Tolling, It Is Not Sufficient to Make the Petition Timely**

AEDPA provides a statutory tolling provision that suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2). The entire period of time for a full round of collateral review, from the filing of a first state habeas petition to the time the last state habeas petition is denied, may be deemed "pending" and tolled, so long as the state petitioner proceeds in a hierarchical order from one lower state court to a higher state court. See Carey v. Saffold, 536 U.S. 214, 222-23 (2002). This includes so-called "gap tolling" for the periods of time between such state

---

[2] Petitioner does not contend that any of the alternate start dates in § 2244(d)(1)(B), (C), or (D) are applicable.

habeas petitions. Id. at 223.

As noted above, the state-court judgment became final on March 10, 2012, giving Petitioner until March 11, 2013, to timely file a habeas petition in this Court. Petitioner's first state habeas corpus petition was filed in the Los Angeles County Superior Court on March 1, 2012, and was denied on March 26, 2012. Because Petitioner filed this state habeas petition before the statute of limitations began to run, he is only entitled to statutory tolling for the period from March 11, 2012, when the one-year limitations period began to run, to March 26, 2012, when the Superior Court denied the petition. See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (holding that a state habeas petition denied before the statute of limitation commenced "had no effect on the timeliness of the ultimate federal filing"). Therefore, this period of statutory tolling extended Petitioner's one-year deadline by 16 days to March 27, 2013.[3]

Generally, gaps or intervals between the filing of petitions to higher courts are tolled so long as the petitioner's filings are timely. Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010). But here, Petitioner did not file a petition with a higher state court, but instead returned to the Los Angeles Superior Court, where he filed a second habeas corpus petition on June 4, 2012. LD 6.

The Court employs a two-part test to determine whether the period between petitions filed in the same court is tolled. Stancle v. Clay, 692 F.3d 948, 953 (9th Cir. 2012). First, the Court asks whether the subsequent petition is limited to an elaboration of facts relating to claim in the first petition. Id. If

---

[3] This is true even though the claim made in Petitioner's first state habeas petition is not a claim he asserts in his federal petitions. Any properly filed application for state collateral review tolls the § 2244(d) statute of limitations as to any claims relating to the pertinent judgment, regardless of whether such claims are contained in the state application. See Tillema v. Long, 253 F.3d 494, 499-500, 502 (9th Cir. 2001).

not, the period is not tolled. Id. If so, then the Court asks whether the second petition was ultimately denied on the merits or deemed untimely. Id. If the former, the period between the petitions is tolled. Id.

Petitioner fails the first part of this test. Petitioner's first petition to the Superior Court raised a claim of sentencing error, arguing that the statute under which his sentence was enhanced had been repealed. LD 4 at 3. Petitioner's second petition raised the claims of ineffective assistance of counsel now presented in his federal petition. LD 6. Because Petitioner's second petition is not limited to an elaboration of the claims made in the first petition, Petitioner is therefore not entitled to tolling for the period between the two petitions. See Stancle 692 F.3d at 954.[4]

Nor is Petitioner entitled to any gap tolling for either the period that his second Superior Court petition was pending or the period between the denial of his second Superior Court petition and the filing of his habeas petition in the California Court of Appeal. The Superior Court rejected Petitioner's second habeas petition because it was successive. LD 7. In Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010), the Ninth Circuit held that, "[f]or tolling to be applied based on a second round, the petition cannot be untimely or an improper successive petition." See also Silva v. Cate, No. 12-1314, 2013 WL 3353845, at

---

[4] Petitioner appears to argue that the filing of this second habeas petition in the state superior court restarted the one-year limitations period because he abandoned a sentencing error claim and raised various other claims for the first time. See Opp. at 4. However, Petitioner is mistaken that filing new claims restarts the limitations period. If it did, habeas petitioners would have an incentive to raise each claim in a piecemeal fashion, which would frustrate the purpose of AEDPA's one-year limitations period. Cf. Rhines v. Weber, 544 U.S. 269, 277 (2005) (noting that AEDPA's "twin purposes" of "encouraging finality" and "streamlining federal habeas proceedings" are undermined by "decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition").

*4 n. 3 (S.D. Cal. July 3, 2013) ("A successive state habeas petition is not considered 'properly filed' under § 2244(d), and therefore cannot be used when calculating statutory tolling."); Coston v. McDonnell, No. 11-755, 2012 WL 3728022, at *3 (E.D. Cal. Aug. 24, 2012) ("Under 28 U.S.C. § 2244(d)(2), a petition is not considered properly filed where it is untimely or successive.").

Petitioner is not entitled to any gap tolling for the period between the Superior Court's denial of his first petition and the filing of his habeas petition in the California Court of Appeal. The delay between the Superior Court's denial and his filing in the California Court of Appeal, a period of more than four months, exceeds the 30- to 60-day period approved by the Ninth Circuit. See Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (finding that 30- to 60-day delay between denial of previous petition and filing of petition in higher court is "reasonable" and therefore entitled to gap tolling).

However, Petitioner is entitled to statutory tolling for the periods covered by the habeas petitions he filed in the California Court of Appeal and the California Supreme Court. On July 9, 2012, Petitioner filed a habeas petition in the California Court of Appeal, which was denied on August 16, 2012. Respondent does not dispute that Petitioner is entitled to 39 days of statutory tolling for the time that this habeas petition was pending. See Motion at 8. Respondent also does not dispute that Petitioner is also entitled to gap tolling between the California Court of Appeal's denial of his habeas petition and the filing of his habeas petition in the California Supreme Court on September 10, 2012. See Velasquez, 639 F.3d at 968; Motion at 8. Finally, Respondent does not dispute that Petitioner is also entitled to tolling for the period his habeas petition was pending in the California Supreme Court, from September 10, 2012 to December 19, 2012. See Motion at 8. All told, these periods of statutory tolling extended Petitioner's one-year statute of limitations

deadline by 164 days to September 7, 2013.[5]

However, Petitioner did not file his original federal habeas corpus petition in this Court until October 1, 2013, 24 days too late.[6] Accordingly, notwithstanding Petitioner's entitlement to some statutory tolling, the action remains untimely.

## C. Petitioner Is Not Entitled to Equitable Tolling

In Holland v. Florida, 560 U.S. 631, 648 (2010), the Supreme Court held that the AEDPA's one-year limitation period is subject to equitable tolling in appropriate cases. However, in order to be entitled to equitable tolling, the petitioner must show both "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way" and prevented his timely filing. Id. at 649 (quoting Pace v. Diguglielmo, 544 U.S. 408, 418

---

[5] Although Petitioner also filed petitions in the California Supreme Court seeking a writ of mandate to order additional discovery and lodging an accusation against an attorney, see LD 12, 14, Respondent contends that these petitions do not statutorily toll the one-year limitations period because they are not considered an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claims" within the meaning of section 2254(d)(2). See Motion at 8 n.8. This Court agrees; Petitioner is not entitled to statutory tolling for the periods covered by these non-habeas petitions. See, e.g., Ramirez v. Yates, 571 F.3d 993, 999-1000 (9th Cir. 2009) (holding that petitioner's discovery motions filed in state court did not statutorily toll the habeas limitations period because they did not challenge the underlying conviction).

[6] Although the record shows that Petitioner gave the Petition to prison officials for mailing on September 17, 2013, Petition at 16, Petitioner is not entitled to application of the prison mailbox rule for his federal habeas petition because it was filed after the AEDPA's one-year limitations period had already expired. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (holding that to benefit from the prison mailbox rule, "the prisoner must deliver the petition to prison authorities for forwarding to the court within the limitations period") (citing Houston, 487 U.S. at 273) (emphasis added).

1  (2005)). The Ninth Circuit has held that the <u>Pace</u> standard is consistent with
2  the Ninth Circuit's "sparing application of the doctrine of equitable tolling."
3  <u>Waldron-Ramsey v. Pacholke</u>, 556 F.3d 1008, 1011 (9th Cir. 2009). Thus,
4  "[t]he petitioner must show that 'the extraordinary circumstances were the
5  cause of his untimeliness and that the extraordinary circumstances made it
6  impossible to file a petition on time.'" <u>Porter v. Ollison</u>, 620 F.3d 952, 959 (9th
7  Cir. 2010) (quoting <u>Ramirez</u>, 571 F.3d at 997). "Indeed, the threshold
8  necessary to trigger equitable tolling [under AEDPA] is very high, lest the
9  exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th
10 Cir. 2002) (internal quotation marks and citation omitted). Consequently, as
11 the Ninth Circuit has recognized, equitable tolling will be justified in few cases.
12 <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003); <u>see also</u> <u>Waldron-
13 Ramsey</u>, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary
14 circumstances' necessarily suggests the doctrine's rarity, and the requirement
15 that extraordinary circumstances 'stood in his way' suggests that an external
16 force must cause the untimeliness, rather than, as we have said, merely
17 'oversight, miscalculation or negligence on [the petitioner's] part, all of which
18 would preclude the application of equitable tolling.'").

19     Petitioner has not met his burden of showing that his is one of the few
20 cases in which extraordinary circumstances warrant equitable tolling.
21 Although Petitioner vaguely claims that he was delayed in timely filing his
22 Petition in this Court because he "continued to study the law and [his] case,"
23 Opp. at 3, he has failed to demonstrate that he was diligently pursuing his
24 rights and that some "extraordinary circumstance" made filing a timely
25 petition impossible. <u>See</u> <u>Holland</u>, 560 U.S. at 649; <u>Porter</u>, 620 F.3d at 959; see
26 also <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se
27 petitioner's lack of legal sophistication is not, by itself, an extraordinary
28 circumstance warranting equitable tolling[ ]"); <u>Gazzeny v. Yates</u>, No. 08-8630,

2009 WL 294199, at *6 (C.D. Cal. Feb. 4, 2009) (noting that "[a] prisoner's illiteracy or ignorance of the law do not constitute extraordinary circumstances" for purposes of tolling of the AEDPA statute of limitations). Accordingly, Petitioner has not set forth sufficient facts to show that he is entitled to equitable tolling.

## III.
## CONCLUSION

For the reasons discussed above, the Court finds that the Petition was untimely filed. Respondent's motion to dismiss is accordingly granted and this action is dismissed with prejudice.

Dated: August 5, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge